UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH ENG,

                           Plaintiff,

          -against-                                    14-CV-2516 (LAP)

BELLEVUE HOSPITAL; DOCTOR PAULA           ORDER OF DISMISSAL
ANN FRANCIS; ANTHONY
COVINGTON,

                           Defendants.

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff brings this action *pro se*, alleging violation of his rights.  By order dated May 29, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis*.  The Court dismisses the complaint for the reasons set forth below.

### STANDARD OF REVIEW

The Court has the authority to screen *sua sponte* an IFP complaint at any time and must dismiss the complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

### BACKGROUND

Plaintiff brings this action under the Court's federal question subject matter jurisdiction, alleging violation of his First Amendment rights and his rights under 42 U.S.C. § 1981.  He

alleges that from December 2009 to February 2010, while he was incarcerated in the psychiatric

prison ward at defendant Bellevue Hospital, defendant Doctor Paula Ann Francis "severely

abused" him.  (Compl. at 3.)  Specifically, Plaintiff alleges:

> She accused me of 'banging his head against the wall' merely because another
> psychiatrist told her so (I did no such thing).  She claimed that I was 'narcissistic' because
> I voiced my hatred towards blacks.  To claim that I am mentally ill merely because I have
> an unusual opinion is a violation of my First Amendment rights.  I was assaulted by a
> black inmate after he made a racist remark at me (called me 'chin'), and Dr. Francis
> blamed the entire thing on me.  I was locked in the seclusion room despite the fact that I
> was the victim.  Black inmates would hurl racial slurs at me constantly, and when I
> reported this to Dr. Francis, she took no action.  I believe that Francis sided with the black
> patients because she herself is a negro.  She said that my using a fake name was
> 'extreme,' which is silly because there is no reason I should trust an inmate with my real
> name.  She insulted me by claiming that I was 'paranoid' and 'delusional' because I
> believe that Asians face discrimination.

(*Id.*)  Plaintiff also alleges that a nurse, defendant Anthony Covington,

> attacked me by shoving me after he thought I was trying to bump into him.  When I
> reported this to the head nurse, he threatened to inject me, place me in restraints and press
> charges if I ever brought up the issue again.

(*Id.*)  Plaintiff alleges that he "was assaulted by two inmates who were black" and "was

examined by the Bellevue medical units, but they did nothing."  (*Id.*)  He also alleges that the

medications "they forced upon" him caused him headaches, dizziness, drooling, damaged

2

eyesight, trouble swallowing, drowsiness and impotence. (*Id.*) He seeks a total of $8,000,000.00 in damages.[1]

## DISCUSSION

### A.    Section 1981 Claims

Plaintiff asserts claims under 42 U.S.C. § 1981. Section 1981(a) provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other.

42 U.S.C. § 1981(a). In order to establish a claim under § 1981, a plaintiff must allege: (1) that he is a member of a racial minority; (2) the defendants intended to discriminate on the basis of race; and (3) the discrimination concerns one of the statute's enumerated activities. *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000); *see also Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (A plaintiff is entitled to relief under § 1981 "when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship."). To prevail on a § 1981 claim,

---

[1] Plaintiff was convicted in the United States District Court for the Eastern District of New York of a civil rights violation arising from escalating racially motivated threats, assaults, and acts of stalking perpetrated against a fellow New York University student, and he was sentenced to five years' probation. *See United States v. Eng*, No. 08-cr-66 (E.D.N.Y. Aug.1, 2008). After his probation period ended, he filed a civil action against his probation officers. *See Eng v. Carter*, No. 13-cv-4855 (ENV) (LB) (E.D.N.Y. Nov. 26, 2013) (dismissed for failure to state a claim upon which relief may be granted). Plaintiff has also filed several other cases in the federal courts in New York. *See Eng v. Casey*, No. 14-cv-3734 (S.D.N.Y. filed May 8, 2014); *Eng v. B3 Legal*, No. 14-cv-2442 (JPO) (S.D.N.Y. filed Apr. 7, 2014); *Eng v. RFR Realty*, No. 14-cv-2485 (LAP) (S.D.N.Y. May 27, 2014) (dismissed for lack of subject matter jurisdiction); *Eng v. Corrections Dep't of NYC*, No. 14-cv-2365 (LAP) (S.D.N.Y. filed Mar. 27, 2014); *Eng v. Baldwin*, No. 14-cv-1644 (ENV) (LB) (E.D.N.Y. May 30, 2014) (copyright infringement claim dismissed without prejudice to filing amended complaint identifying protected expression in his work that defendants infringed); *Eng v. Dixon*, No. 14-cv-1501 (ENV) (LB) (E.D.N.Y. May 6, 2014) (dismissed as time-barred and for failure to state claim); *Eng v. City of New York*, No. 06-cv-5206 (VM) (HBP) (S.D.N.Y. May 11, 2007) (settled).

evidence of racially discriminatory intent is required.  *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004); *Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 139-40 (2d Cir. 1999).  The equal benefits protections of § 1981 do not require state action and can be asserted against private parties.  *Phillip v. Univ. of Rochester*, 316 F.3d 291, 294-95 (2d Cir. 2003).

Plaintiff's allegations suggest that he is Asian (*see* Compl. at 3 ("I believe that Asians face discrimination"),[2] but he does not allege that Defendants discriminated against him because of his race or ethnicity.  Rather, he alleges that Defendants misdiagnosed and mistreated him on the basis of his racist *beliefs*, which he expressed to them during his treatment.  Because Plaintiff alleges no facts suggesting that the treatment he received at defendant hospital was any way motivated by race-based animus, he fails to allege a plausible racial discrimination claim under § 1981.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  His § 1981 claims therefore must be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Section 1983 Claims**

The Court construes Plaintiff's allegations that Defendants violated his constitutional rights as claims under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that:  (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's claim that he was denied proper medical care implicates his rights under the Due Process Clause of the Fourteenth Amendment.  *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d

---

[2] In Plaintiff's prior lawsuits, he alleges that he is Asian.  *See, e.g.*, *Eng v. B3 Legal*, No. 14-cv-2442 (JPO) (S.D.N.Y. filed Apr. 7, 2014) (describing self in complaint as Asian).

Cir. 2009).  To establish a claim of inadequate medical care under the Fourteenth Amendment, a plaintiff must show "deliberate indifference to a serious medical condition."  *Id.* at 72.   The standard for deliberate indifference under the Due Process Clause of the Fourteenth Amendment is the same as under the Eighth Amendment.  *Id.* at 70.  A plaintiff must establish that: (1) he had a serious medical condition, and (2) it was met with deliberate indifference.  *Id.* at 72; *see Estelle v. Gamble*, 429 U.S. 97 (1976); *Hathaway v. Coughlin*, 37 F.3d 63, 66-68 (2d Cir. 1994).

A challenge to a decision based on medical judgment or the inadvertent failure to provide adequate care does not implicate the Eighth Amendment's cruel and unusual punishment clause.  *See* Estelle, 429 U.S. at 105-106; *Hill v. Curcione*, 657 F.3d 116, 122-23 (2d Cir. 2011); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).  Such allegations constitute, at most, a negligence or medical malpractice claim that may be cognizable in a state court but not in a federal § 1983 action.  *See Estelle*, 429 U.S. at 106; *Hill*, 657 F.3d at 123; *Chance*, 143 U.S. at 703.  There is no right to the treatment of one's choice, *Hill*, 657 F.3d at 123, and mere negligence in the treatment of a prisoner's physical condition or claims based on differences of opinion over matters of medical judgment cannot constitute a § 1983 violation, *id.*; *Chance*, 143 F.3d at 703.

Here, Plaintiff does not allege whether he had a serious medical condition, and he does not allege that defendants Francis or Covington were deliberately indifferent to it.  Rather, he alleges that defendant Francis incorrectly diagnosed and treated him based on Plaintiff's statements and alleged behavior.  Such a difference of opinion over Plaintiff's diagnosis and treatment cannot constitute a §1983 violation.  Plaintiff's claim therefore must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also alleges that defendant Covington "shoved" him because Covington thought Plaintiff "was trying to bump into him." (Compl. at 3.) *De minimus* use of force, such as a push or shove, does not rise to the level of a constitutional violation. *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). The circumstances Plaintiff describes surrounding the alleged "shove" do not suggest that defendant Covington's action constituted deliberate indifference or an assault unrelated to his medical care. Plaintiff's claim arising from defendant Covington's "shoving" Plaintiff is therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also alleges that after he reported the shoving incident to the head nurse, Covington threatened to "inject" him, restrain him, and press charges against him if Plaintiff "brought up the issue again." (*Id.*) There generally is no claim under § 1983 for threats or verbal abuse. *See Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 324-25 (S.D.N.Y. 2006) (pretrial detainee's claim of verbal abuse not cognizable under section 1983 because verbal intimidation did not rise to the level of a constitutional violation); *Ramirez v. Holmes*, 921 F. Supp. 204, 210 (S.D.N.Y. 1996) (threats and verbal harassment without physical injury or damage not cognizable in claim filed by sentenced inmate under section 1983); *see also Jermosen v. Coughlin*, 878 F. Supp. 444, 449 (N.D.N.Y. 1995) ("Although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation cognizable under section 1983."). Plaintiff's claims arising from Defendants' threats therefore must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.     First Amendment

Plaintiff alleges that defendant Francis violated his First Amendment rights when she diagnosed him as mentally ill because of his "unusual opinion" – specifically, because he voiced his "hatred toward blacks." (Compl. at 3.) The Court construes these allegations as a claim that Defendants retaliated against Plaintiff in violation of his First Amendment rights – in other

words, that defendant Francis's diagnosis and treatment were in retaliation for Plaintiff's expressing his racist beliefs.   The Second Circuit Court of Appeals has cautioned that "courts must approach prisoner claims of retaliation with skepticism and particular care." *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).   This is because such claims can be "easily fabricated" and "pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration." *Id.*

To state a claim for retaliation in violation of the First Amendment, a prisoner must assert non-conclusory allegations establishing: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dawes*, 239 F.3d at 492; *accord Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004).

"In the prison context, '[o]nly retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation.'" *Mateo v. Fischer*, 682 F.Supp.2d 423, 433 (S.D.N.Y. 2010) (alteration in original) (quoting *Dawes*, 239 F.3d at 492); *see also Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003).   If the retaliatory act is not adverse, it "is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis*, 320 F.3d at 353 (quoting *Dawes*, 239 F.3d at 493).   In determining whether a retaliatory act is adverse, "the court's inquiry must be 'tailored to the different circumstances in which retaliation claims arise,' bearing in mind that '[p]risoners may be required to tolerate more ... than average citizens, before a [retaliatory] action taken against them is considered adverse.'" *Id.* (alternations in original) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 398 (6th Cir.1999)).

A hospital prison psychiatric unit presents unique circumstances that the Court must consider in evaluating First Amendment retaliation claims.  In such an environment, health care providers must assess patients' statements and opinions in order to diagnose and treat mental health conditions.  A diagnosis of mental illness in response to a patient's statements therefore does not generally constitute an adverse action for First Amendment purposes.  *Cf. Abascal v. Jarkos*, No. 08–0789,  357 Fed. Appx. 388, 391, 2009 WL 4893674, at *2 (2d Cir. Dec. 21, 2009) (plaintiff's claim that he was arbitrarily classified as mentally ill and transferred to a psychiatric center was not an adverse action because his complaint substantiated that classification by including allegations that plaintiff experienced "waking visions" and believed his "mind was being read" by others); *Mateo v. Fischer*, 682 F. Supp. 2d 423, 434-35 (S.D.N.Y. 2010) (dismissing First Amendment retaliation claim and holding that where plaintiff's statements in complaint "do not lead inexorably to the conclusion that he suffers from paranoia, they could lead a reasonable person to believe a referral to [the Office of Mental Health] was justified").  Keeping in mind that inmates' retaliation claims should be viewed with some skepticism, the Court finds that Plaintiff does not allege facts showing that defendant Francis's diagnoses or opinions of Plaintiff constituted adverse actions.  Plaintiff's First Amendment claims therefore must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.     Forced Medication

To the extent Plaintiff alleges that Defendants forced him to take medication, his claims must be dismissed.  Prisoners have a right to be free from forced medication absent a justifying factor.  *See Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (stating that inmates have a "significant liberty interest" in avoiding forced administration of anti-psychotic drugs that is actionable under the Due Process Clause of the Fourteenth Amendment).  Here, Plaintiff alleges only that "the medication they forced upon me caused" numerous side effects.  (Compl. at 3.)

8

He does not allege, however, whether he administratively objected to the medication, appealed any adverse decisions against him, or otherwise engaged in any process available to him to contest his treatment.  Plaintiff also does not allege how each defendant was involved in the events underlying his forced medication claim.  His claim therefore must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.      Proper Parties**

Plaintiff's claims against Bellevue Hospital must be dismissed because a hospital is not a "person" under 42 U.S.C. § 1983.  A § 1983 action may be maintained only against a "person" who has deprived another of rights under the Constitution.  *See* 42 U.S.C. § 1983.  Hospitals are not "persons" within the meaning of § 1983.  *Cf. Whitley v. Westchester Cnty. Corr. Facility Admin.*, No. 97 Civ. 420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983).  The claims against Bellevue Hospital therefore are dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**F.      Statute of Limitations**

Finally, Plaintiff's claims also appear to be untimely.  Claims brought under § 1983 are governed by the three-year statute of limitations period set forth in N.Y.C.P.L.R. § 214(5). *Owens v. Okure*, 488 U.S. 235 (1989); *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).  A claim brought in a federal district court under § 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his [claim.]"  *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (citation and internal quotation marks omitted). State law is normally invoked when determining whether the limitations period for § 1983 claims should be equitably tolled.  *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007).  Under New York law, equitable tolling "may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely

9

action." *Id.* at 642 (citation and internal quotation marks omitted).  Also, a demonstration of "[d]ue diligence on the part of plaintiff in bringing [an] action . . . is an essential element of equitable relief." *Id.* (citation and internal quotation marks omitted, second alteration in original).

Plaintiff alleges that the events underlying this action occurred between December 2009 and February 2010.  (*See* Compl. at 3.)  However, he did not file this action until April 2, 2014, more than a year after the three-year statute of limitations expired.  Although Plaintiff contends that "the statute of limitations has not expired because I have been on probation" (*id.*), he does not explain how his being on probation affected his ability to file this action in a timely manner. Plaintiff does not otherwise allege facts demonstrating why the statute of limitations should be equitably tolled.  Therefore, even if Plaintiff had stated claims under § 1981 and § 1983, they would likely nevertheless be time-barred.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy to Plaintiff, and note service on the docket.  Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

10

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 8, 2014
New York, New York

_____
LORETTA A. PRESKA
Chief United States District Judge

11